STEPTOE, JUDGE:
Claimant brought this action for damages sustained when he lost control of his vehicle while traveling southeast on County Route 21, locally known as *304 Bowman’s Ridge, in Moundsville. County Route 21at this location is maintained by respondent in Marshall County. This claim was bifurcated by Order and heard on the issue of liability only. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
On the day prior to the hearing of this claim, the parties, counsel, and the Court met at the scene of the accident for a view of the road.and the surrounding terrain. The Court observed the following:
1. County Route 21 at the scene proceeds in a northwest-southeast direction. The accident occurred in a straight stretch of the two-lane road. There are double yellow lines indicating the center of the road surface.
2. To the southeast of the scene, there is a curve to the right in the road.
3. There is a hillside on the east side of the road and an embankment is located on the west side of the road.
4. Since the incident involving the claimant, the road has been resurfaced.
5. Both Marshall County Sheriff Daniel Wayne Garwick and the claimant indicated the location where they believed that claimant’s vehicle left the road. Each of them offered differing opinions as to the exact point on the road where claimant’s vehicle left the road.
FACTS OF THE CLAIM
The incident giving rise to this claim occurred on February 19, 1997, at approximately 6:00 p.m.[1] On the rainy evening in question, the claimant and a friend, Thomas Joshua Whitfield, were traveling southeast on County Route 21 in claimant’s 19 83 Chevrolet Monte C arlo. A t this 1 ocation, C ounty Route 21 is a straight stretch, two-lane road that traverses in a southeast-northwest direction. There is a curve in the road to the right just prior to the scene of this incident. The road surface is comprised of asphalt and there are double yellow lines indicating the center of the road surface. County Route 21 cuts through a mountainous portion of Marshall County. On the eastern side of County Route 21 is a hillside and on the western side of County Route 21 is an embankment. Earlier in the evening at about 4:30 to 5:00 p.m., claimant had been driven to his residence by Thomas Richard Whitfield, claimant’s employer and Thomas Joshua Whitfield’s father, after they had spent the day working in Wheeling. After arriving at his residence, claimant ate his supper and then left his residence in his vehicle. He drove northwest on County Route 21 to the Whitfield residence to pick up Thomas Joshua Whitfield and return to his own residence. After the claimant picked up Mr. Whitfield, they began the return trip to the Williams’ residence proceeding southeast.
*305 About one-half mile from the Whitfield residence, claimant was driving his vehicle at a speed of about thirty-five miles per hour when he came upon a hole estimated to be eighteen inches in diameter and ten inches deep. Claimant was aware of this hole, but on this occasion, he did not observe it until he was about ten to twelve feet from it. He made a decision to have his vehicle encounter the hole rather than attempting to maneuver his vehicle around the hole; therefore, the front passenger side tire struck the hole. The impact caused the right front tire to burst whereupon claimant lost control of his vehicle. The vehicle crossed the road and proceeded over the embankment through a small barbed wire fence. The vehicle began rolling on its side about four to five times and in the process both claimant and his passenger were ejected from the vehicle. Mr. Whitfield sustained'only minor personal injuries, but claimant suffered a broken clavicle as well as other personal injuries. After the incident, claimant and Mr. Whitfield walked to the top of the road. A neighbor arrived at the scene and drove them to the Whitfield residence. Thomas Richard Whitfield then transported the two individuals to Reynolds Memorial Hospital in Glen Dale.
Thomas Richard Whitfield and William Robert Anderson, both of whom live in the area, testified that on the day in question there was gravel and cinders were present on the road surface and this was the condition on the road at the time of claimant’s accident.
Later in the evening on the day of the accident, Marshall County Deputy Sheriff Daniel Wayne Garwick investigated this incident. Deputy Garwick obtained statements from the claimant and Mr. Whitfield, at the hospital. Both of the statements were to the effect that the claimant lost control of the vehicle before the far turn in the road as they proceeded southeast and that the vehicle went over the embankment. Neither of the statements taken by Deputy Garwick mentioned any roadway defect. After taking the statements at the hospital, Deputy Garwick proceeded to the accident scene in order to gather information whatever information he could about the exact site of the accident and to view the vehicle. Deputy Garwick indicated in his report that he did not observe any roadway defects. Deputy Garwick followed up his investigation by citing Mr. Williams for failure to maintain control of the vehicle, improper registration of the vehicle, and lack of motor vehicle insurance.
Respondent maintains that it did not have any notice of any roadway defect on County Route 21 in Marshall County at the scene of claimant’s accident. According to Crew Leader-Foreman, Kevin Leonard Cottrell, respondent patrolled County Route 21 regularly. He was not aware of any particular road defect. Moreover, County Administrator Ronald William Faulk testified that respondent had not received any complaints regarding a roadway defect on the road prior to claimant’s incident. Daily work records indicated that respondent’s employees conducted roadway patching along County Route 21 after claimant’s incident.
*306 ANALYSIS AND CONCLUSION
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive n otice o f t he de feet a nd a r easonable t ime tot ake c orrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
The Court is mindful that there is a discrepancy regarding the time frame of the incident and the exact point where the vehicle veered off the road. However, these issues are not germane in the final analysis of the facts and circumstances of this claim. The ultimate issue is whether respondent had notice of a roadway defect on County Route 21 in Marshall County. In the present claim, the evidence fails to establish t hat r espondent ha d n otice o f a r oadway de feet o n C ounty R oute 21 in Marshall County. The evidence establishes that claimant was familiar with the condition of the road at the time of the incident. The Court is further of the opinion that claimant should have exercised more care under the existing conditions. Consequently, there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.

 Mr. Williams testified that the incident occurred at approximately 6:00 p.m. However, statements given to Marshall County Deputy Sheriff Daniel Wayne Garwick indicate that the incident occurred at approximately 6:45 p.m.